Bell, J.,
dissenting. It appears to us that the very question stated in the next to the last paragraph of the majority opinion .suggests its own answer. In our opinion, that answer should be in favor of permitting resort to Ohio courts for relief and that the trial court properly exercised its jurisdiction.
It should be emphasized that not only was the picketing here “stranger picketing” in the sense that none of the pickets were employees of Richman Brothers and never had been, but that they were not even picketing at a place where they desired some resultant action on the part of Richman. They were picketing the retail stores in 46 cities, not the factories in two.
The attempt here was to require the union label to be put *566 into Richman suits at the factory. This result could be accomplished, according to the record of this case, irrespective of any contract provision for union security. We do not find in this record any support for the finding that the action of the union constituted an unfair labor practice which would place the jurisdiction of this matter exclusively in the National Labor Relations Board.
Interference with the use of the public streets in Ohio and with ingress to and egress from adjoining premises is, and should be, strictly a matter of Ohio concern and control. Although we recognize, as required by an ordered society, the doctrine of judicial subordination, we are not required by such recognition to refrain from decrying generally what we consider an unwarranted usurpation by federal agencies of that which we deem a matter of local concern. Nor are we required specifically in a situation such as this, where there is no evidence of an unfair labor dispute and it is clear that the National Labor Relations Board has no jurisdiction, to concede that the appropriate Ohio court must abdicate its responsibility to secure to each citizen his constitutionally guaranteed privilege to seek redress in that court for an alleged wrong.
In our opinion, the Court of Appeals properly enjoined mass picketing. But we believe it should have gone further, as did the trial court, and enjoined all picketing in this situation.
Weygandt, C. J., and Herbert, J., concur in the foregoing dissenting opinion.